UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jamar Lavell Manard,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CSP-LAC, et al.,<br><br>　　　　　　　Defendants. | Case No.  2:22-cv-04646-FMO-KES<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　　This Report and Recommendation ("R&R") is submitted to the Honorable Fernando M. Olguin, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.

## INTRODUCTION

　　　In July 2022, the Court received a civil complaint from pro se Plaintiff Jamar Lavell Manard ("Plaintiff"), an inmate at California State Prison- Los Angeles County ("CSP-LAC").  Plaintiff's claims arise from his placement, post-ankle surgery, in housing without accessible showers, causing Plaintiff to slip

1

while showering and reinjure his ankle.

In connection with a successful motion to reinstate the case after it was dismissed for lack of prosecution (Dkt. 18, 21), Plaintiff filed a Third Amended Complaint ("TAC") in June 2022. (Dkt. 20.) The TAC alleges claims against CSP-LAC and three correctional officers in their individual capacity: (1) Defendant Twang; (2) Defendant Suvante; and (3) Defendant Reed. (Id. at 2-3.[1])

The Court screened the TAC under 28 U.S.C. §§ 1915(e)(2), 1915A. The Court's screening order pointed out that the TAC has "some factual allegations against Defendants Twang and Suvante" but "no factual allegations … against Defendant Reed." (Dkt. 22 at 1-2.) The Court dismissed Defendant Reed with leave to amend by August 10, 2023. (Id. at 2.)

As of the date of this R&R, Plaintiff has not responded to the screening order by either filing a Fourth Amended Complaint, voluntarily dismissing Defendant Reed, or filing a notice of intent to proceed with the TAC.

## II.
## SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff alleges "deliberate indifference to serious medical needs" as the basis for his claims under 42 U.S.C. § 1983. (Dkt. 20 at 1.) He also seeks injunctive relief against CSP-LAC under Title II of the Americans with Disabilities Act ("ADA"). (Id.)

He did not use the Central District's "form" for civil rights complaints, but he listed all the Defendants on pages 2-3 of the TAC. He identifies "Defendant Reed" as a correctional officer at CSP-LAC. (Id. at 3.)

There is no other mention of Defendant Reed in the TAC. Defendant Reed was not named in the original complaint (Dkt. 1 at 3), the First Amended

---

[1] Page citations refer to pagination imposed by the Court's e-filing system

2

1 Complaint (Dkt. 10 at 3-4), or the Second Amended Complaint (Dkt. 14 at 3-4), so those prior pleadings shed no light on the nature of Plaintiff's allegations against Defendant Reed.

## III.
## DISCUSSION

A complaint must set forth a short and plain statement of the claim showing entitlement to relief. Fed. R. Civ. Pro. 8. A complaint must allege sufficient facts about what each defendant did or failed to do so as to give each fair notice of the lawsuit's basis. Fed. R. Civ. Pro. 8; Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 ("Although a pro se litigant like Brazil may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong.").

Here, Plaintiff's TAC fails to provide any factual allegations about Defendant Reed. When given the opportunity to amend, Plaintiff failed to do so. More than four weeks have passed since Plaintiff's deadline to amend, but Plaintiff has still not responded to the screening order. (Dkt. 22.)

In order to move this case towards service and avoid prejudice to the other Defendants by continuing delay, Plaintiff's claims against Defendant Reed should be dismissed. Plaintiff failed to allege facts sufficient to state a claim against Defendant Reed and failed to amend when given the opportunity to do so.

## IV.
## CONCLUSION

IT IS THEREFORE RECOMMENDED that the District Court issue an Order:

(1) approving and accepting this R&R;

(2) dismissing all claims against Defendant Reed WITHOUT PREJUDICE but WITHOUT LEAVE TO AMEND in this action; and

(3) directing that if Plaintiff wishes to amend the operative complaint later to try to state a claim against Defendant Reed, he will need to move for leave to amend and satisfy the requirements of Federal Rule of Civil Procedure 15 and Local Rule 15.

If this R&R is accepted, then the Magistrate Judge will order service of the TAC on the remaining three Defendants.

DATED: September 12, 2023

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

## NOTICE

R&Rs are not appealable to the Court of Appeals, but are subject to the right of any party to timely file Objections as provided in the Federal Rules of Civil Procedure and the instructions attached hereto. This R&R and any Objections will be reviewed by the District Judge whose initials appear in the case docket number.