**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-04646-MRA-KES             Date: March 6, 2024

Title: JAMAR LAVELL MANARD v. CSP-LAC, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    ORDER to Show Cause Why Action Should Not Be Dismissed

**I.  INTRODUCTION.**

In July 2022, the Court received a civil complaint from pro se Plaintiff Jamar Lavell Manard ("Plaintiff"), an inmate at California State Prison- Los Angeles County ("CSP-LAC"). Plaintiff's claims arise from his placement, post-ankle surgery, in housing without accessible showers, causing Plaintiff to slip while showering and reinjure his ankle. The operative Third Amended Complaint ("TAC" at Dkt. 20) sues CSP-LAC and correctional officers Hwang[1], Suvante, and Reed. He alleges that the correctional officers were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment made actionable under 42 U.S.C. § 1983. (TAC at 1.) He sues CSP-LAC under Title II of the Americans with Disabilities Act ("ADA"). (Id.)

In October 2023, the Court dismissed Defendant Reed. (Dkt. 25.) The Court ordered service on the remaining Defendants. (Dkt. 27.) CSP-LAC and Officer D. Hwang appeared (Dkt. 31), but CSP-LAC could not identify Officer Suvante. The Court (1) ordered Plaintiff to provide additional information to help identify Officer Suvante

---

[1] Officer Hwang's name was misspelled in the TAC as Twang.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-04646-MRA-KES

Date: March 6, 2024
Page 2

(Dkt. 32) and (2) stayed Officer Hwang's obligation to respond to the TAC (Dkt. 38).

## II.  CSP-LAC'S MOTION TO DISMISS.

In January 2024, CSP-LAC moved to dismiss the TAC.  (Dkt. 35.)  The Court ordered Plaintiff to oppose the motion or file a Fourth Amended Complaint ("4AC") by February 19, 2024.  (Dkt. 37.)  As of the date of this order, Plaintiff has done neither.

## III.  DEFENDANT CORRECTIONAL OFFICER ("CO") SUVANTE.

In December 2023, the Court ordered Plaintiff to file by January 14, 2024, a response "providing any other identifying details he may have about CO Suvante.  For example, can Plaintiff tell the Court CO Suvante's first name, race, gender, approximate age, badge number, or other physical descriptors (like build, coloring, mustache, glasses, tattoos, accent, etc.)?  Does Plaintiff know any more details about CO Suvante's role or title at CSP-LAC (for example, that he was a sergeant, he typically worked the night shift, he always worked with a particular partner, he worked in the medical clinic, etc.)."  (Dkt. 32 at 1.)  As of the date of this order, Plaintiff has not filed a response.

## IV.  ORDER TO SHOW CAUSE ("OSC").

The Court hereby orders Plaintiff to show cause, if any he has, why this entire case (or, alternatively, Plaintiff's claims against CO Suvante) should not be dismissed for lack of prosecution.  Plaintiff may discharge this OSC, as follows:

1. As to CSP-LAC's motion to dismiss, by filing a 4AC or opposition **on or before March 15, 2024**.

2. As to Officer Suvante, by filing **on or before March 15, 2024** either:

   a. A response to the Court's order requesting additional identifying information.  If Plaintiff does not know any additional identifying information, he can so state.  If so, he should describe what discovery he could undertake to learn facts that would identify Officer Suvante.

   b. Alternatively, Plaintiff may voluntarily dismiss Officer Suvante.

Failing to timely respond to this OSC will likely result in the case's summary dismissal.

Initials of Deputy Clerk JD