1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10

11   JAMAR LAVELL MANARD,              Case No. 2:22-cv-04646-MRA-KES

12            Plaintiff,

13        v.                           ORDER DISMISSING ACTION
                                       WITH PREJUDICE FOR LACK OF
14   CSP LAC, et al.,                  PROSECUTION

15            Defendants.

16

17                                **I.**

18                      **PROCEDURAL HISTORY**

19        Pro se Plaintiff Jamar Lavell Manard ("Plaintiff"), an inmate at California

20   State Prison-Los Angeles County ("CSP-LAC"), filed this lawsuit in July 2022 over

21   injuries he sustained when he slipped and fell in the shower after ankle surgery.

22   After two screening orders (Dkt. 7, 11), Plaintiff filed a Second Amended

23   Complaint ("SAC") in November 2022 (Dkt. 14).  The Court screened the SAC and

24   directed Plaintiff to amend, dismiss, or proceed on certain claims by February 28,

25   2023 (Dkt. 15), a deadline the Court later extended to May 1, 2023 (Dkt. 16, 17).

26   When Plaintiff failed to meet the extended deadline, the Court dismissed the action

27   without prejudice for lack of prosecution.  (Dkt. 18.)

28

1    Plaintiff finally filed a Third Amended Complaint ("TAC") in June 2023.

2 (Dkt. 20.)  The Court reopened the case (Dkt. 21) and again directed Plaintiff to

3 amend or dismiss certain claims by August 2023 (Dkt. 22).  When Plaintiff failed to

4 respond, the Court dismissed the factually unsupported claims (Dkt. 23, 25) and

5 ordered the TAC served on Defendants CSP-LAC, Correctional Officer ("CO")

6 Hwang, and CO Suvante (Dkt. 27).

7    In December 2023, the California Department of Corrections and

8 Rehabilitation ("CDCR") notified the Court that it could not identify Defendant CO

9 Suvante.  (Dkt. 34.)  The Court directed Plaintiff to provide more identifying

10 information or advise what discovery he proposed to identify CO Suvante.  (Dkt.

11 32.)  Plaintiff's response was due by January 14, 2024.  (Id.)

12    Meanwhile, Defendant CSP-LAC appeared and moved to dismiss the TAC

13 (Dkt. 35) while Defendant CO Hwang moved for and received a stay until CSP-

14 LAC's motion was decided (Dkt. 36, 38).  The Court instructed Plaintiff to oppose

15 CSP-LAC's motion by February 19, 2024.  (Dkt. 37.)

16    Having received nothing from Plaintiff, in March 2024, the Court issued an

17 Order to Show Cause ("OSC") why the case should not be dismissed.  (Dkt. 40.)

18 The Court instructed Plaintiff that he could discharge the OSC by filing on or

19 before March 15, 2024, an opposition to CSP-LAC's motion and a response to the

20 Court's order seeking information about Defendant CO Suvante.  (Id. at 2.)  The

21 Court warned that "failure to respond to this OSC will likely result in the case's

22 summary dismissal."  (Id.)  Instead of providing the required information, Plaintiff

23 moved for appointment of counsel.  (Dkt. 41.)  On March 27, 2024, the Court

24 denied the motion but extended Plaintiff's deadline to respond to the OSC to April

25 25, 2024.  (Dkt. 42.)

26    As of the date of this Order, more than two weeks have passed since April

27 25, 2024, but Plaintiff has not filed anything required by the OSC.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.

## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules.  See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  Central District of California Local Rule 41-1 provides that "[c]ivil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."

The Court has discretion to dismiss the action with or without prejudice.  See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b) "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits.  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).  The test is not "mechanical," but provides a "non-exhaustive list of things" for the Court to consider.  Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.**

**DISCUSSION**

Here, the first two factors favor dismissal.  The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  The second factor— the Court's need to manage its docket—favors dismissal here because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court."  Id. (internal quotations marks omitted).  Indeed, this case was previously dismissed and reinstated (Dkt. 18, 21), but for months Plaintiff has still not responded to the Court's request for information to identify and serve Defendant CO Suvante (Dkt. 32) and CSP-LAC'S motion to dismiss (Dkt. 35).

The third factor—prejudice to Defendants—weighs in favor of dismissal. Defendant CSP-LAC moved to dismiss and has been waiting since January 2024 for Plaintiff to oppose that motion.  Defendant Suvante does not even have notice of this lawsuit because CDCR could not identify him and Plaintiff has failed to provide information since December 2023.  (Dkt. 32.)  A rebuttable presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale."  Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).

The fourth factor—availability of less drastic sanctions—favors dismissal. The Court's prior orders warned Plaintiff that failure to respond might result in a dismissal of this action.  (Dkt. 7 at 9; Dkt. 11 at 14; Dkt. 15 at 4.)  Indeed, the action was dismissed then reinstated.  (Dkt. 18, 21.)  In the most recent OSC, the Court specifically warned Plaintiff that failure to timely respond would result in dismissal.  (Dkt. 40 at 2.)  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's

order will result in dismissal can satisfy the 'consideration of alternatives'
requirement") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its
merits—arguably weighs against dismissal here. <u>Pagtalunan</u>, 291 F.3d at 643.  The
effect of this factor is somewhat mitigated by the fact that CSP-LAC has moved to
dismiss the TAC (Dkt. 35) and Plaintiff has filed no opposition.

Given that the enumerated factors largely support dismissal, this action will
be dismissed pursuant to Rule 41(b) and Local Rule 41-1.  Considering all of the
circumstances, the Court exercises its discretion to dismiss the action with
prejudice.  This case has been pending since July 2022, yet Defendant CO Suvante
remains unidentified.  Plaintiff is <u>pro se</u>, but the Court has issued numerous,
detailed screening orders to help Plaintiff address pleading defects via amendment,
extended Plaintiff's deadlines repeatedly, and provided warnings that failure to
meet those deadlines would result in dismissal.  Plaintiff nevertheless failed to
respond to the OSC, failed to oppose CSP-LAC's motion to dismiss, and failed to
respond to the Court's order seeking information about Defendant CO Suvante.
Plaintiff missed these deadlines despite the earlier dismissal of his case.

## IV.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment will be entered dismissing
this action with prejudice for failure to prosecute.

DATED: May 31, 2024

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE

Presented by:

Karen E. Scott
United States Magistrate Judge

5